WIGGINTON, Judge.
We affirm the final order of the Unemployment Appeals Commission denying appellant’s request for an additional hearing in order to present further evidence, and affirming the decision of the appeals referee holding that the claimant, Robert Davis, Jr., should not be disqualified from receiving benefits. Pertinent to the issue raised on appeal was the conclusion of the appeals referee that appellant failed to show by a preponderance of the evidence that claimant’s alleged conduct amounted to misconduct connected with his work, since appellant’s proof of misconduct rested solely on hearsay testimony. That conclusion was in conformance with the statement in section 120.58(l)(a), Florida Statutes, that “[h]earsay evidence may be used for the purpose of supplementing or explaining other evidence, but it shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions.”
Apparently conceding that the subject hearsay testimony did not fall within any exception, the point appellant raises is that the “APPEAL INFORMATION” pamphlet provided by the Department of Labor and Employment Security does not articulate the substance of section 120.58(l)(a), or of rule 38E-5.24(4)(d), Florida Administrative Code, to the same effect, and therefore misled appellant and denied it due process of law. We disagree. Under subheading (5), “ATTENDANCE OF WITNESSES,” the pamphlet specifically directs, “You should bring to the hearing only those individuals who have personal knowledge of the material facts which you intend to establish.” [Emphasis added.] We hold that language to conform to section 120.58(l)(a) and rule 38E-5.24(4)(d), and to be clear and unambiguous.
AFFIRMED.
WENTWORTH and NIMMONS, JJ„ concur.